**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH PAUL SIMCOX,** | ) | **CASE NO.1:07CV096** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **CLAIRE M. SIMCOX,** | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Respondent Claire Simcox's Motion to Stay Pending Appeal of the Court's Order of June 29, 2007, pursuant to Fed. R. Civ. P. 62(c) (ECF #42) and Respondent's Supplemental Brief in Support of Respondent's Motion to Stay (ECF#43).  Fed. R. App. P. 8(a)(1)(A) and (C) requires a party appealing a ruling of the District Court first seek relief from the District Court under Fed. R. Civ. P. 62(c) before applying to the Sixth Circuit for the stay.  For the following reasons, the Court denies Respondent"s Motion to Stay.

To warrant a stay under 62(c) the Court must balance the following factors:

> "These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 152-153 (6th Cir. 1991).

Under the first prong, Respondent contends she has a strong likelihood of success because:

1) The Court failed to consider habitual residence from the perspective of the children, i.e. whether they felt a degree of settled purpose under *Friedrich*. The Court ignored such indicia as the children's lack of formal schooling, belonging to a parish and having friends or receiving regular medical or dental care.

2) The Court failed to consider whether the family's stay in Mexico was coerced.

3) The grave risk of harm analysis was flawed as the Respondent produced uncontroverted testimony from its expert there was a grave risk of harm as the siblings were bonded to their mother and each other.

4) Serious questions exist as the Court failed to respect the wishes of DS to remain in the U.S. as other courts have found eight-year olds sufficiently mature.

5) Serious questions exist about the Court's determination that Petitioner did not consent to the removal.

6) Serious questions exist about the undertakings specifically, the Court's ability to enforce the undertakings.

Respondent contends it meets the irreparable harm prong because:

1) The young children will be separated from their siblings and perhaps their mother.

2) The same harm they suffered previously at the hands of their father may happen again.

Respondent contends the harm to others prong and public interest prong are met because:

1) Compared to the slight harm Petitioner will suffer if the Court's order is stayed, the harm to the children is greater.

2) The public interest is best served by ensuring the procedures of the Hague Convention are properly addressed and taking into account the unconventional facts of this case the public interest is best served by staying the order.

**Respondent's Supplemental Brief**

Respondent contends the Court's intended purpose that Claire retain custody of the children while awaiting the outcome of the Mexican court's determination of custody will not be feasible as it appears Petitioner has pursued criminal charges in Mexico against Claire.  This is evidenced by a transcript of a phone conversation AS had with Claire wherein Petitioner broke in and stated, "Claire, you are going to be in jail in Mexico."  Since there is no way of knowing whether a criminal investigation is underway in Mexico, Claire may be arrested upon return to Mexico.

**Petitioner's Response**

Petitioner contends there is no irreparable harm because the Court did not order the children returned to Petitioner, therefore, no stay is necessary.  Also, the entire purpose of the Hague Convention is the prompt return of wrongfully abducted children.  Therefore, any delay would be in contravention of the express purpose of the Convention.  Finally, Respondent's supplemental brief does not warrant a stay as the issue of whether Respondent is the subject of a criminal investigation or not is not a basis for a stay.  To use Petitioner's own language Respondent's argument boils down to, "don't make me go back there because maybe I committed a crime there and I may have to answer for those crimes."

**ANALYSIS**

The Court finds Respondent has not shown a strong likelihood of success on the merits. In *Friedrich v. Friedrich I*, 983 F.2d 1396 (6th Cir. 1993) which Respondent cites, holds, "A person can have only one habitual residence. On its face, habitual residence pertains to customary residence prior to the removal." at 1401.  The Court finds it properly applied the standard and evidence in determining the children's place of habitual residence at the time of the abduction was Mexico.

Nor did the Court err in holding the evidence did not support a finding that Respondent was coerced to stay in Mexico for the reasons set forth in the Court's opinion.

Nor does Respondent's contention there is a grave risk of harm to the children if separated from their mother or other siblings provide a strong likelihood of success.  The Court's Order does not require separation from mother or siblings as all may travel together to Mexico and remain together until a Mexican Court determines protection and custody.

The Court determined based on its analysis that DS was not mature enough to make the determination.  Simply because other courts have found other eight-year olds mature enough does not require a blanket assessment that all eight-year olds are mature enough.  Furthermore, the determination was at the Court's discretion based on the *in camera* interview and evidence before it.

Nor does the Court believe Respondent has presented a strong likelihood of success on her consent and acquiescence argument for the reasons discussed in the Court's opinion.  As waiver is not an enumerated defense under ICARA, the Court appropriately did not address it in its opinion and will not now.

The undertakings ordered by the Court were based on the representations by Petitioner in

open court. Though the Court recognizes the difficulties of enforcing some of its ordered undertakings, the Court also recognized that Petitioner and Respondent are both United States citizens, subjected themselves to this Court's jurisdiction, Respondent seeks to permanently reside in the United States and Petitioner does substantial business within the United States. Therefore, both are not outside the reach of this Court's authority. Finally, the enforceability of the undertakings does not change the ultimate conclusion that Respondent wrongfully abducted the children in violation of the Hague Convention. Therefore, the Court finds Respondent has not shown a strong likelihood of success on the merits.

### **Supplemental Brief**

Whether Respondent has committed a crime under Mexican law is no basis to stay return. Also, whether there is even an ongoing investigation is pure speculation. The grave harm of separation is non-existent, as Respondent is free to take all the children with her to Mexico. Finally, as the Sixth Circuit held in *Friedrich v. Friedrich,* 78 F.3d 1060, 1067 (6th Cir. 1996), and this Court reiterated in its Order, if the Court finds return of the children furthers the aims of the Hague Convention, regardless of a defense, the children should be returned.

Therefore, the Court finds Respondent has not shown a strong likelihood of success on the merits and the Court denies Respondent's Motion to Stay.

IT IS SO ORDERED.


 July 26, 2007                    s/Christopher A. Boyko
 Date                           CHRISTOPHER A. BOYKO
                              United States District Judge