**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH PAUL SIMCOX,** | ) | **CASE NO.1:07CV96** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CLAIRE M. SIMCOX,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on remand from the Sixth Circuit Court of Appeals, reversing, in part, this Court's finding that return of the Simcox's two youngest children to their place of habitual residence in Mexico did not present a grave risk of harm to the children. The Sixth Circuit held return of the children did constitute a grave risk of harm under the Hague Convention and further found this Court's undertakings would not adequately protect the children and were outside the Court's authority to Order absent finding a grave risk of harm. The Sixth Circuit ordered this Court to "determine what undertakings, if any, will be sufficient to ensure the safety of the Simcox children upon their return to Mexico..." *Simcox v. Simcox,* 511 F.3d 594, 611 (6th Cir. 2007). Furthermore, the Sixth Circuit stated, "[i]f the district court

1

determines that no such arrangement is feasible, or that the only way in which the children may be protected from harm is for them to remain in the custody of their mother, then it may be necessary to deny the petition." *Id.* at 610-11. Prior to the Sixth Circuit's opinion in *Simcox v. Simcox*, the binding precedent on this Court were the Sixth Circuit opinions in *Friedrich v. Friedrich* at 983 F.2d 1396 (6th Cir. 1993) and 78 F.3d 1060 (6th Cir. 1996).[1] Upon remand, the Court ordered the parties to brief the issue of undertakings and has considered those briefs and the evidence presented at the original hearing. Because of restrictions placed on this Court in the *Friedrich* cases, the additional guidance and implicit expansion of the *Friedrich* holdings by the Sixth Circuit in *Simcox v. Simcox*, and based upon the unusual facts in this case, the Court's analysis of the adequacy of undertakings must change.

## BACKGROUND FACTS

The facts of this case as described in the Court's ruling of June 29, 2007 are reiterated here. Claire and Joseph Simcox were married in London, England on December 16, 1991. Both Claire and Joseph are United States citizens. They have five children: AS, born in France, PS, born in Italy, CS, born in Ethiopia, DS, born in Greece, and SS, born in Mexico. The family has traveled extensively due to the nature of Petitioner's profession. Even when they established roots in a particular community, the family would travel for extended periods of time. The family resided in Mexico from 2002, at the earliest, to 2004, at the latest, until Claire removed the four youngest children to the United States on or about January 30, 2006.

---

[1] The Sixth Circuit has rendered two opinions in *Friedrich v. Friedrich*. The first *Friedrich* opinion was issued in January of 1993 at 983 F.2d 1396. For purposes of clarity, the Court will refer to this case as "*Friedrich I*". The second *Friedrich* opinion, dated 1996, will be referred to as "*Friedrich II*".

At trial, Petitioner testified arguments between he and his estranged wife would often get physical. Claire Simcox testified to years of abuse, both physical and emotional, of herself and the children at the hands of Joseph Simcox. There is no clear picture from the testimony of all the family members, including the children, of what life was like in the Simcox household prior to the alleged wrongful abduction. Clearly, corporal punishment, including spanking, hair pulling and use of a belt, was not uncommon. Furthermore, the testimony revealed arguments between Joseph and Claire would sometimes become physically violent. In the Court's interviews with PS, CS and DS, each unequivocally expressed a desire to remain in the United States and expressed fear of their father.

## STANDARD OF REVIEW

This Petition is brought pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §11601 *et seq.*, and the Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention"). Both the United States and Mexico are signatories to the Hague Convention. The stated purpose of Article One of the Hague Convention is "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and " to ensure the rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States."

The Court has jurisdiction over the allegations contained in Petitioner's Verified Petition pursuant to 42 U.S.C. 11603(a) and (b). The Court's jurisdiction extends to determining the merits of the abduction claim but does not extend to determining "the merits of the underlying custody dispute." *Friedrich v. Friedrich,* 78 F.3d 1060, 1063 (6th Cir. 1996); Hague Convention, Art 19; 42 U.S.C. §11601(b)(4). The Sixth Circuit further noted, "the Hague

3

Convention is generally intended to restore the pre-abduction status quo and to deter parents from crossing borders in search of a more sympathetic court." *Friedrich II* at 1064, citing Pub. Notice 957, 51 Fed. Reg. 10494, 10505 (1986).

The party seeking return has the initial burden of demonstrating, by a preponderance of the evidence, the habitual residence of the child and the person in the country of habitual residence who is, or would otherwise be exercising, custody rights over the children under the laws of the country of habitual residence at the time of the alleged wrongful abduction. See 42 U.S.C. §11603(e)(1)(A and B). The respondent then has certain defenses under Art. 12, 13 or 20 of the Hague Convention.

Under Article 12 of the Hague Convention, if the Petition for Return is not filed within one year after the alleged wrongful abduction of the child, the Court may consider whether the child is well-settled in its new residence. The parties do not dispute Petitioner filed his Petition within one year from the date of the alleged abduction.

Under Art. 13 of the Hague Convention, Respondent may assert the following defenses:

a) the parent seeking removal did not actually exercise custodial rights or consented to the removal. This must be proved by a preponderance of evidence. See 42 U.S.C. §11603(e)(2)(B).

b) there is a grave risk of physical or psychological harm to the child if returned or return would place the child in an intolerable situation. This must be proved by clear and convincing evidence. See 42 U.S.C. §11603(e)(2)(A).

c) the Court may also refuse to return the child if, by a preponderance of the evidence, the child objects to return and the Court finds the child to be of

4

sufficient age and maturity in which it is appropriate to consider the child's views.

Finally, under Art. 20 of the Hague Convention, the Court may refuse to return the child where fundamental principles of human rights and freedoms weigh against return. This requires clear and convincing evidence. See 42 U.S.C. §11603(e)(2)(A).

## **LAW AND ANALYSIS**

The Sixth Circuit in *Friedrich II* held, " a federal court retains, and should use when appropriate, the discretion to return a child, despite the existence of a defense, if return would further the aims of the Convention." *Friedrich II* at 1067. The Sixth Circuit, in reversing this Court, found that return to the habitual residence would result in a grave risk of harm to the Simcox children. By so finding, the Sixth Circuit held, "[w]e are confident that this holding best comports with the purposes for which the Convention was adopted, which was never intended to be used as a vehicle to return children to abusive situations." *Simcox* at 609, citing Merle H. Weiner, *Navigating the Road Between Uniformity and Progress: The Need for Purposive Analysis of the Hague Convention on the Civil Aspects of International Child Abduction,* 33 Colum. Human Rights L. Rev. 275, 278-279 (2002). The Sixth Circuit further quoted with approval the Weiner law review article which stated, "[i]t thus makes sense that 'the Convention's purposes [would] not ... be furthered by forcing the return of children who were the direct or indirect victims of domestic violence.'" *Simcox* at 604-605, quoting *Colum. Human Rights L. Rev.* at 352-53. Yet, the *Simcox* panel ordered this Court to "determine what undertakings, if any, will be sufficient to ensure the safety of the Simcox children upon their return to Mexico..."

Were this Court confined to the application of *Friedrich II,* it would lack the discretion to

consider undertakings because *Friedrich II* only conferred discretion to order return, upon the finding of an exception, if the purposes of the Convention would be furthered. Because the Sixth Circuit in *Simcox* found an exception (i.e. grave risk of harm) and found the purposes of the Convention would not be furthered by returning the children, this Court can only reconcile *Simcox* with *Friedrich II* by reading an implicit expansion of *Friedrich II*, permitting the Court to consider undertakings despite such findings.

The Court, having considered the briefs submitted by the parties on the efficacy and appropriateness of undertakings to ensure the safety of the Simcox children and the evidence produced at the original hearing, finds the undertakings proposed by Petitioner are insufficient to ensure the childrens' safety. The Court notes the burden of proving the efficacy of the proposed undertakings in ensuring the safety of the children lies with the Petitioner. *Simcox* at 611. The Sixth Circuit has suggested this Court consider having Mr. Simcox turn in his passport during the pendency of the custody proceedings in Mexico. However, it is this Court's opinion, based on the evidence before it, that Mr. Simcox's occupation, experience, and arrogance evidence an ability to cross borders without a passport. In addition, Respondent has provided evidence Mexico does not require the production of a passport by United States citizens to cross its borders.

Also, although the Court did not expressly order Mrs. Simcox return to Mexico, it crafted its original undertakings on the reasonable belief, based upon experience and observation, that maternal instinct would compel her return to Mexico with her two youngest children. Whatever maternal affections Mrs. Simcox has for her children are apparently overridden by her fear of what power Mr. Simcox would wield, either by himself, or by encouraging the Mexican

6

authorities to criminally prosecute her for absconding with the children. She has refused, under any circumstances, to return with her children to Mexico. The Court will not order the Simcox children returned to Mexico without their mother, in light of the Sixth Circuit's finding that Mr. Simcox poses a grave risk of harm to the children.

There are no undertakings proposed by Mr. Simcox or envisioned by the Court which would adequately protect the children and further the purposes of the Convention as clarified by the Sixth Circuit.

Therefore, the Court denies Petitioner's Petition for Return pursuant to the Sixth Circuit's opinion in *Simcox v. Simcox*.

        IT IS SO ORDERED.


July 24, 2008                                          s/Christopher A. Boyko
Date                                                CHRISTOPHER A. BOYKO
                                                     United States District Judge